JAMES GALLIER *v.* JAMES WALSH and another.

A provision in articles of co-partnership, that all disputes growing out of the partner-ship transactions shall be submitted to arbitration, does not apply to an action insti-tuted after the dissolution of the partnership by the death of one of the members, for a final settlement of the partnership affairs.

By applying for the administration of an estate, in a parish different from that of his domicil, a party subjects himself to the authority of the courts within whose terri-torial jurisdiction the administration is granted, in every thing that concerns such administration.

An action for a final settlement of the partnership affairs, against a surviving partner and the curator of the estate of a deceased partner, in which the petition sets forth acts of mismanagement and fraud, is not a claim for a sum of money in the mean-ing of art. 924 of the Code of Practice, and as such exclusively within the jurisdic-tion of the Court of Probates. Such an action is properly brought before a court of ordinary jurisdiction, in which a jury, if called for, may pronounce on the ques-tion of fraud.

A surviving partner will not, by consenting to the appointment of experts by a Court of Probates to examine the partnership books after the death of his co-partner, so subject himself to its authority as to preclude his right to except to its jurisdiction.

Where one, of two obligors on a joint note who must be sued together, has died, the action must be brought before a court of ordinary jurisdiction.

ACTION by the plaintiff before the Commercial Court of New Orleans, *Watts*, J., against Walsh, and Denis Murphy, curator of the succession of James Burdon, deceased.

This case was submitted without argument.

*G. B. Duncan*, for the appellant.

*Canon, Macready*, and *R. M. Carter*, for the defendants.

MORPHY, J. The plaintiff has appealed from a decree ordering the transfer of this cause to the Court of Probates of the parish of Jefferson. The suit is brought to obtain the settlement and liquida-tion of a partnership, heretofore existing between the plaintiff,

Michael Collins, James Walsh, and James Burdon, for carrying on the business of buying, selling, manufacturing, and dealing in all kinds of timber, or any other business that the parties might think proper to pursue. A large piece of property, together with a saw mill, and a number of negroes were put into the partnership, which was to be solely managed by Walsh and Burdon, under the name of Walsh & Co. Some time after the formation of the partnership, Collins having expressed a wish to withdraw from it, the plaintiff purchased his interest in the concern; and about one year afterwards Burdon died in the parish of Jefferson, and Denis Murphy was appointed curator to his estate. The petition, which is one of unusual length, after stating in detail the conditions and articles of the co-partnership, sets forth a series of acts of mismanagement and fraud on the part of the said Walsh and Burdon, which are alleged to have caused to plaintiff the loss of large sums of money, and to have led to the seizure and sale of the saw mill and slaves belonging to the partnership. Both defendants filed exceptions to this petition. The judge below took, we think, a correct view of that made by Walsh to the petitioner's right of action. The tenth article of the contract of co-partnership, under which, it is contended, that all disputes growing out of the partnership transactions must be submitted to arbitration, does not apply to the present case; it refers obviously to differences of opinion, and disputes touching the proper construction of the contract, and to the rights of the parties under it during the existence of the partnership. But the contract is now at an end, and this action is for a general settlement and final liquidation of all the partnership affairs.

The other defendant, Murphy, after making the same objection, urged that the District Court had no jurisdiction over him, in his capacity of curator of the estate of Burdon. The wording of these exceptions is rather vague; as they allege, however, that defendant's residence is in the parish of Concordia, his plea to the jurisdiction appears to be two-fold: 1st, on account of his domicil being in that parish; and 2d, on account of the nature of the suit, which being, as he contends, for a sum of money, can only be entertained in the Court of Probates of Jefferson, so far as the estate of Burdon is concerned.

We perfectly agree with the judge *a quo*, that by applying for an

administration at a distance from his domicil, the defendant has sub-
jected himself to the authority of those courts within whose terri-
torial jurisdiction the administration has been granted, in every
thing that concerns such administration ; but we do not believe that
this suit is, within the meaning of article 924 of the Code of Prac-
tice, a claim for a sum of money against the estate, exclusively
within the jurisdiction of the Court of Probates of Jefferson.    It is
true, that upon the final settlement of the partnership concerns,
the estate may be declared to be indebted to the plaintiff for the
alleged acts of mal-administration and fraud, but the petition claims
of the succession no specific sum or debt ; it only calls for an ad-
justment of the accounts, and the correction of the partnership
books, which are charged to have been falsely and fraudulently
kept by the defendants.    When the liability or indebtedness of the
deceased shall have been determined contradictorily with all the
partners, as it must be in cases like the present, the plaintiff will
probably have to seek the collection of whatever sum may be de-
clared to be due to him, in the Court of Probates, concurrently with
the other creditors of the estate, as he would have to do in the case
of a judgment rendered by the latter court itself.    Code of Pr., art.
987.    The action was, we think, properly brought before a court of
ordinary jurisdiction, in which a jury, if called for by any of the
parties, can pass upon the questions of fraud presented by the
pleadings.    Even if the Court of Probates of Jefferson could take
cognizance of a suit of this character, James Walsh, who must ne-
cessarily be made a party to it, is not amenable to that tribunal.
We do not think that by his consent to have experts appointed by
the Court of Probates to examine into the state of the partnership
books, after the death of Burdon, he has so subjected himself to its
authority, as to preclude his right of excepting to its jurisdiction,
had the present suit been brought there.    In a case of conflict be-
tween the two courts, such as would be presented in a suit on a
joint note, where the two obligors must be sued together, and where
one of them has died, the limited, would have perhaps to yield to
the general or ordinary jurisdiction ; but in the present case no such
conflict exists, as, in our opinion, the District Court has jurisdiction
*ratione materiæ* as well as *ratione personarum.*

It is therefore ordered that the judgment of the District Court be

reversed; that the exceptions to its jurisdiction be overruled and set 'aside ; and that this case be reinstated on the docket, and proceeded in according to law. The costs of this appeal to be borne by the appellees.